**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Solomon W. Endeshaw,

Plaintiff,

v.

Judge Janet N. Poston and
Attorney Karen Jean Kampa,

Defendants.

Civil No. 00-691 DWF/AJB

**ORDER TO TAKE ACTION**

Upon examination of the file in this matter and the documents contained therein, the Court has determined that more than 120 days have elapsed since suit was filed and summons issued. Rule 4(m) of the Federal Rules of Civil Procedure require that the summons and complaint be served upon a defendant within 120 days after filing of the complaint. Rule 4(m) further provides that upon notice to the plaintiff, the action may be dismissed without prejudice on the Court's own initiative. Alternatively, the Court may direct that service be effected within a specified time, which may be extended upon showing good cause.

Plaintiff filed a handwritten complaint with numerous attachments on March 17, 2000, and summons were issued with respect to defendants Janet N. Poston and Karen Jean Kampa. On May 18, 2000, plaintiff filed summons copies along with "Notice[s] of Lawsuit and Request for Waiver of Service for Summons." He also filed copies of certified mail receipts indicating that documents had been sent to each of the defendants. The acknowledgments and waivers of service were not executed by either defendant. There are no documents in the Court's file to indicate that the summons and complaint were personally served on any

NOV 28 2000
CLERK
ENTD
DEPUTY CLERK

defendant named in this action and there are no documents to indicate that any defendant has agreed to waive personal service and acknowledge effective service by mail or any means other than personal service. The Minnesota Attorney General's Office sent correspondence dated July 24, 2000, which directly advised the plaintiff that the service on Judge Poston was incomplete and was not considered to be effective.

While a party may elect to waive personal service and thereby avoid potential liability for costs of service, the party is under no absolute obligation to waive personal service. Fed. R. Civ. P. 4(d). Plaintiff in this action paid the full filing fee of $150.00 and the summons were issued directly to him for service upon defendants. He did not apply for *in forma pauperis* status and is not entitled to service by the United States Marshal's Office on that account.

Accordingly, counsel for Plaintiff is directed to:

1. Accomplish personal service of the summons and complaint upon each defendant before December 29, 2000; or

2. Obtain an effective waiver of personal service and acknowledgment of service from each defendant before December 29, 2000. An effective waiver and acknowledgment of service must be signed by the defendant; or

3. Advise the Court in writing if good cause exists for noncompliance with the terms of this Order.

Unless plaintiff timely complies with this Order, and files proof of personal service or acknowledgment and waiver of service with the Court before December 29, 2000, the Magistrate Judge will recommend that this case be dismissed for lack of prosecution.

Dated: 11/28/00

Arthur J. Boylan
United States Magistrate Judge