**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Solomon W. Endeshaw,

Plaintiff,

v.

Judge Janet N. Poston and
Attorney Karen Jean Kampa,

Defendants.

Civil No. 00-691 DWF/AJB

**SECOND**
**ORDER TO TAKE ACTION**

This Court issued an Order to Take Action dated November 28, 2000, directing plaintiff to do one of the following:

1. Accomplish personal service of the summons and complaint upon each defendant before December 29, 2000; or

2. Obtain an effective waiver of personal service and acknowledgment of service from each defendant before December 29, 2000. An effective waiver and acknowledgment of service must be signed by the defendant; or

3. Advise the Court in writing if good cause exists for noncompliance with the terms of this Order.

Plaintiff submitted a response dated December 26, 2000, along with several exhibits indicating that he attempted to make service on each defendant by certified mail, as indicated by receipts dated December 3, 2000, and return receipt from defendant Poston dated December 7, 2000, and return receipt from defendant Kampa dated December 4, 2000.

Plaintiff appears to be under the mistaken impression that service by mail constitutes effective personal service or that the return receipt constitutes waiver of personal service by the defendants. Federal Rule of Civil Procedure 4(c)(2) states that service may be

FILED JAN 09 2001
COSAL, CLERK

effected by any person who is not a party and who is at least 18 years of age. Except under circumstances described in Rule 4(d), wherein a defendant may waive service, **service means personal delivery**. There is no proof that defendants in this matter have agreed to accept service of the summons and complaint in any manner other than personal delivery. Rule 4(d) does not impose a duty on defendants to waive personal service and they are entirely within their rights to refuse to waive personal service.

If plaintiff is confused as what constitutes effective personal service or how to make effective service, he should be advise that Rule 4(c)(2) provides that "service may be effected by any person **who is not a party** and who is at least 18 years of age." In addition, professional process servers will deliver legal documents and provide an affidavit of service for an arranged fee. Such professionals are listed in the U.S. West Yellow Pages under "Process Servers."

**IT IS HEREBY ORDERED THAT** plaintiff shall have until January 29, 2001, to make personal service and to file a notarized affidavit of personal service. Service shall be by **personal delivery** to each of the defendants by someone who is at least 18 years of age and is not the plaintiff in this case. Plaintiff shall be responsible for any expenses that may be incurred in making proper service. Such expenses may be recoverable from the defendants in the event plaintiff ultimately prevails in the action. In the event plaintiff fails to file an affidavit of personal service indicating that effective service has been accomplished, the Magistrate will recommend that this case be dismissed for lack of prosecution.

Dated: 1/9/01

Arthur J. Boylan
United States Magistrate Judge