**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Solomon W. Endeshaw, Civil No. 00-691 DWF/AJB

Plaintiff,

v. **REPORT AND RECOMMENDATION**

Judge Janet N. Poston and
Attorney Karen Jean Kampa,

Defendants.

This matter is before the Magistrate Judge on plaintiff's request for voluntary dismissal of the action. Plaintiff commenced the action by complaint for violation of civil rights relating to a Minnesota state court criminal prosecution. The case has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. Plaintiff is pro se. Jennifer K. Park, Esq., Assistant Attorney General, represents defendant Poston.

Plaintiff was a defendant in a state criminal action. Defendant Janet N. Poston was the presiding judge in the state matter. Defendant Jean Kampa is described as a attorney involved in the action but her role in the case is not explained. The record does not indicate that defendant Kampa was ever served the pleadings. Defendant Poston was served the complaint and responded by motion to dismiss [Docket 10]. Defendant Poston asserts that the federal court lacks jurisdiction pursuant to the Rooker–Feldman and should further abstain from hearing the matter pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971). Defendant also alleges absolute immunity from damages and Eleventh Amendment



FILED JUN 08 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

immunity to the extent plaintiff seeks damages from the State.

Upon filing of defendant Poston's motion to dismiss, the Court issued an Order dated May 29, 2001, therein advising plaintiff as to the procedural status of the case and giving him until July 1, 2001, to file a response to the motion to dismiss. Plaintiff was advised that his failure to timely respond would result in a recommendation of dismissal for lack of prosecution. Plaintiff has filed a timely response in which he explicitly asks the Court to dismiss the case for lack of prosecution.

Based upon the plaintiff's request that this action be dismissed, and in consideration of the all the files, records, pleadings and memorandums,

**IT IS HEREBY RECOMMENDED** that the plaintiff's motion be **granted** and the complaint in this matter be **dismissed** pursuant to Federal Rule 41(2) [Docket No. 14]. It is **FURTHER RECOMMENDED** that defendant's motion to dismiss be **granted** [Docket No. 10] and the federal action thereby be dismissed **with prejudice** pursuant doctrines of abstention.

Dated: 6/8/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Pursuant to the Rooker--Feldman doctrine, lower federal courts do not have jurisdiction over challenges to state court judgments. Lemonds v. St. Louis County, 222 F.3d

488, 492 (8th Cir. 2000). The doctrine is named after two U.S. Supreme Court cases–Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983). Rooker holds that federal district courts have no appellate jurisdiction over state courts, and Feldman holds that federal district courts may not exercise judgment over issues that are "inextricably intertwined" with a prior state court judgment. Canal Capital Corp. v. Valley Pride Pack, Inc., 169 F.3d 508, 512 (8th Cir. 1999). A federal claim is inextricably intertwined when relief would effectively reverse or void the state court ruling. Id., citations omitted. Application of the Rooker–Feldman doctrine is jurisdictional and may be raised *sua sponte*. Lemonds at 492. The doctrine precludes both straightforward appeals and indirect attempts to undermine state court decisions. Id. The state and federal claims need not be identical and the federal action may be construed as a prohibited appeal essentially whenever the federal relief can only be predicated upon the determination that the state court decision was wrong. Lemonds v. St. Louis County, 222 F.3d at 493, citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S.Ct. 1519 (1987). Furthermore, federal courts have been directed to abstain from accepting jurisdiction in instances where a grant of equitable relief would interfere with pending state proceedings in way that offends principles of comity and federalism. Night Clubs, Inc. v. City of Fort Smith, Ark., 163 F.3d 475, 477 n.1 (8th Cir. 1998)(stating the Younger abstention doctrine), citing Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971).

Plaintiff's complaint in this matter asks the federal court to interfere with actions that have been decided or are pending in a state court criminal case. This action falls squarely within the directives of the Rooker–Feldman doctrine to the extent that it seeks review of previous state court rulings in his criminal action and is precluded by the Younger abstention

doctrine to the extent that it relates to issues still pending in state court. Plaintiff offers no argument to the effect that the abstention doctrines do not apply in this federal action, and the Court can fathom no such reasons in this instance. Night Clubs, Inc. v. City of Fort Smith, Ark. at 479. The federal court lacks jurisdiction in this case and the matter should therefore be dismissed with prejudice.